(No. 79-CV-0389—)

*In re* APPLICATION OF L. MILDRED SUTHERLAND.

*Order filed May 27, 1980.*

JAMES MAY, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on June 4, 1978, in Bureau County, Illinois. L. Mildred Sutherland, mother of the victim, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents submitted to the Court, the Court finds:

1. That the Claimant's deceased son, Gregory Sutherland, age 25, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: Battery. Ill. Rev. Stat. 1977, ch. 38, par. 1—3.

2. That on June 4, 1978, Claimant's son was struck in the face by Roger Richardson after arguing over a traffic dispute. All witnesses to the incident stated that Gregory Sutherland verbally threatened Roger Richardson and pushed him. Mr. Richardson then struck Mr. Sutherland in the face. Mr. Sutherland fell to the ground striking his head on the pavement. Mr. Sutherland died on June 5, 1978, of head injuries.

3. That section 3(b) of the Act provides that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

4. That it appears from the investigatory report and the police report that the victim's death was attributable

to his substantial provocation of the assailant when he verbally threatened the assailant and then pushed him.

5. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that the claim of L. Mildred Sutherland be, and is hereby dismissed.